IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL CECILIA POMANI,<br><br>Defendant. | CR 23-56-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.    Synopsis

Defendant Angel Cecilia Pomani (Pomani) has been accused of violating conditions of her supervised release. (Docs. 40 and 43). Pomani admitted to the alleged violations. Pomani's supervised release should be revoked. Pomani should be sentenced to custody for 3 months, with 33 months of supervised release to follow.  During the first 180 days of her supervised release, Pomani shall be placed in a residential re-entry center.

## II.    Status

Pomani plead guilty on August 24, 2023, to the offense of Assault Resulting In Substantial Bodily Injury, in violation of 18 U.S.C. §§ 1153 (a) and 113(a)(7) as charged in Count 3 of the Indictment. (Doc. 23).  Pomani was sentenced to TIME

SERVED, with 3 years of supervised release.to follow. (Doc. 38). Pomani's current term of supervised release began on June 17, 2024.

### Petition

On August 12, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Pomani's supervised release. (Doc. 40). The Petition alleged Pomani violated conditions of her supervised release by: (1) communicating or interacting with someone she knew was a convicted felon without the permission of her probation officer on August 6, 2024; (2) failing to comply with substance abuse treatment requirements by being terminated from her substance abuse treatment placement on August 6, 2024, (3) failing to abstain from the consumption of alcohol on August 6, 2024; (4) failing to report to her probation officer as instructed on August 7, 2024; and (5) failing to abstain from the consumption of alcohol on August 8, 2024.

### Amended Petition

On August 29, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Pomani's supervised release. (Doc. 43). The Amended Petition alleged Pomani violated conditions of her supervised release by the added violation of: (6) failing to report to her probation offices as instructed on August 12, 2024.

**Initial Appearance**

Pomani appeared before the Court on August 20, 2024. Pomani was represented by counsel. Pomani stated that she had read the Amended Petition and that she understood the allegations against her. Pomani waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 20, 2024. Pomani admitted that she had violated the conditions of supervised release as set forth in the Petition by: (1) communicating or interacting with someone she knew was a convicted felon without the permission of her probation officer on August 6, 2024; (2) failing to comply with substance abuse treatment requirements by being terminated from her substance abuse treatment placement on August 6, 2024: (3) failing to abstain from the consumption of alcohol on August 6, 2024; (4) failing to report to her probation officer as instructed on August 7, 2024; (5) failing to abstain from the consumption of alcohol on August 8, 2024; and (6) failing to report to her probation offices as instructed on August 12, 2024. Pomani's violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Pomani appeared before the Court on August 20, 2024. Pomani's violation is a Grade C violation. Her criminal history category is I. Pomani's underlying offense is a Class D felony. Pomani could be incarcerated for up to 24 months. Pomani could be ordered to remain on supervised release for 36 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pomani's supervised release should be revoked. Pomani should be sentenced to custody for 3 months, with 33 months of supervised release to follow. During the first 180 days of her supervised release, Pomani shall be placed in a residential re-entry center. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Pomani that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Pomani of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Pomani that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That ANGEL CECILIA POMANI has violated the conditions of her supervised release by: (1) communicating or interacting with someone she knew was a convicted felon without the permission of her probation officer on August 6, 2024; (2) failing to comply with substance abuse treatment requirements by being terminated from her substance abuse treatment placement on August 6, 2024: (3) failing to abstain from the consumption of alcohol on August 6, 2024; (4) failing to report to her probation officer as instructed on August 7, 2024; (5) failing to abstain from the consumption of alcohol on August 8, 2024 and (6) failing to report to her probation offices as instructed on August 12, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Pomani's supervised release and sentence Pomani to custody for 3 months with 33 months of supervised release to follow. The Court further recommends that during the first 180 days of her supervised release, Pomani be placed in a residential re-entry center.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court

judge and may waive the right to appear and allocute before a district court judge.

DATED this 22nd day of August 2024.

                                                       John Johnston  
                                                     United States Magistrate Judge