IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ANGEL CECILIA POMANI, Defendant. | CR 23-56-GF-BMM-JTJ  FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant ANGEL CECILIA POMANI (Pomani) has been accused of violating the conditions of her supervised release. (Docs. 53 and 56) Pomani admitted the violations. Pomani's supervised release should be revoked. Pomani should be sentenced to custody until January 17, 2025, with 30 months of supervised release to follow. During the first 180 days of supervised release, Pomani shall be placed in a residential reentry center as directed by her probation officer.

## II.   Status

On August 24, 2023, Pomani plead guilty to the offense of Assault Resulting in Substantial Bodily Injury, in violation of 18 U.S.C. §§ 1153(a), 113(a)(7)(3) as charged in Count 3 of the Indictment. (Doc. 23) Pomani was sentenced to TIME

SERVED, followed by 3 years of supervised release. (Doc. 38) Pomani's current term of supervised release began on November 13, 2024.

### Petition

On December 9, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Pomani's supervised release. (Doc. 53) The Petition alleged Pomani violated the conditions of her supervised release by: (1) failing to report for her initial substance abuse treatment appointment on December 5, 2024.

### Amended Petition

On December 12, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Pomani's supervised release. (Doc. 56) The Petition alleged Pomani violated the conditions of her supervised release by the added violation of: (2) consuming alcohol on December 7, 2024.

### Initial Appearance

Pomani appeared before the Court on December 17, 2024.  Pomani was represented by counsel.  Pomani stated that she had read the Amended Petition and that she understood the allegations against her.  Pomani waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Pomani appeared before the Court on December 17, 2024. Pomani admitted that she had violated the conditions of supervised release as set forth in the Amended Petition by: (1) failing to report for her initial substance abuse treatment appointment on December 5, 2024; and (2) consuming alcohol on December 7, 2024. Pomani's violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Pomani appeared before the Court on December 17, 2024. Pomani's violations are Grade C. Her criminal history category is I. Pomani's underlying offense is a Class D felony. Pomani could be incarcerated for up to 24 months. Pomani could be ordered to remain on supervised release for up to 32 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pomani's supervised release should be revoked. Based upon the agreement of the parties, Pomani should be sentenced to custody until January 17, 2025, with 30 months of supervised release to follow. During the first 180 days of supervised release, Pomani shall be placed in a residential reentry center as directed by her probation officer.

## IV.    Conclusion

The Court informed Pomani that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Pomani of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Pomani that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Pomani stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That ANGEL CECILIA POMANI has violated the conditions of her supervised release by: (1) failing to report for her initial substance abuse treatment appointment on December 5, 2024; and (2) consuming alcohol on December 7, 2024.

The Court **RECOMMENDS**:

That the District Court revoke Pomani's supervised release and sentence Pomani to custody until January 17, 2024, with 30 months of supervised release to follow. During the first 180 days of supervised release, Pomani shall be placed in a residential reentry center as directed by her probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of December 2024.

John Johnston
United States Magistrate Judge