IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL CECILIA POMANI,<br><br>Defendant. | CR 23-56-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

### I.   Synopsis

Defendant ANGEL CECILIA POMANI (Pomani) has been accused of violating the conditions of her supervised release. (Doc. 67, 74 and 77). Pomani admitted most of the violations. Pomani's supervised release should be revoked. Pomani should be sentenced to custody for 6 months, with 24 months of supervised release to follow. During the term of her supervised release, Pomani shall be placed in a residential re-entry center for up to 180 days at the direction of her probation officer.

**Status**

On August 24, 2023, Pomani plead guilty to the offense of Assault Resulting in Substantial Bodily Injury, in violation of 18 U.S.C. §§ 1153(a), 113(a)(7)(3) as

1

charged in Count 3 of the Indictment. (Doc. 23) Pomani was sentenced to TIME SERVED, followed by 3 years of supervised release. (Doc. 38) Pomani's current term of supervised release began on January 17, 2025.

**Petition**

On October 9, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Pomani's supervised release. (Doc. 67) The Petition alleged Pomani violated the conditions of her supervised release by: (1) testing positive for alcohol on September 29, 2025; (2) quitting her job on October 3, 2025, and failing to notify her probation officer within 72 hours of this change in her employment; (3) failing to comply with substance abuse treatment on October 8, 2025; (4) failing to comply with substance abuse treatment on October 7, 2025; and (5) communicating or interacting with a known felon, Klayton Ameline, on October 9, 2025, without the permission of her probation officer.

**Initial Appearance**

Pomani appeared before the Court on October 21, 2025. Pomani was represented by counsel. Pomani stated that she had read the Petition and that she understood the allegations against her. Pomani waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Pomani appeared before the Court on October 21, 2025. Pomani admitted that she had violated the conditions of supervised release as set forth in the Petition. Pomani's violations are serious and warrant revocation of her supervised release. The Court continued Pomani's sentencing until January 20, 2026 at 1:30 p.m.

**Amended Petition**

On November 21, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Pomani's supervised release. (Doc. 74). The Amended Petition alleged Pomani violated the conditions of her supervised release by the added violations of: (6) failing to comply with substance abuse treatment requirements on November 11, 2025; (7) failing to comply with substance abuse treatment requirements on November 14, 2025; (8) failing to follow the instructions of her probation officer on October 29, 2025, by failing to text her probation officer her job contact sheet showing that she had completed four job contacts; (9) communicating or interacting with Jakoya Oats, a known felon, on November 18, 2025, without the permission of her probation officer; and (10) failing to comply with substance abuse treatment requirements on November 20, 2025.

**Second Amended Petition**

On December 2, 2025, the United States Probation Office filed a Second Amended Petition requesting that the Court revoke Pomani's supervised release.

(Doc. 77) The Second Amended Petition alleged Pomani violated the conditions of her supervised release by the added violations of: (11) failing to reside at an approved residence on November 21, 2025; (12) failing to participate in substance abuse testing by admitting on November 26, 2026 that she had removed her sweat patch; and (13) communicating or interacting with Dewayne Shoots, Jr, a known felon on December 1, 2025, without the permission of her probation officer.

### Second Revocation Hearing

Pomani appeared before the Court on December 9, 2025. The Court noted that Pomani had previously admitted allegations 1-5 as set forth in the Second Amended Petition. Pomani then admitted that she had violated the conditions of supervised release as set forth as allegations 6-8 and 10-13 in the Second Amended Petition. Pomani's violations are serious and warrant revocation of her supervised release.

### Sentencing hearing

Pomani appeared before the Court on December 9, 2025. Pomani's violations are Grade C. Her criminal history category is I. Pomani's underlying offense is a Class C felony. Pomani could be incarcerated for up to 24 months. Pomani could be ordered to remain on supervised release for up to 30 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Pomani's supervised release should be revoked. Pomani should be sentenced to custody for 6 months, with 24 months of supervised release to follow. During the term of her supervised release, Pomani shall be placed in a residential re-entry center for up to 180 days at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Pomani that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Pomani of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Pomani that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Pomani stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS**:

> That ANGEL CECILIA POMANI has violated the conditions of her supervised release by: (1) testing positive for alcohol on September 29, 2025; (2) quitting her job on October 3, 2025, and failing to notify her probation officer within 72 hours of this change in her employment; (3) failing to comply with substance abuse treatment on October 8, 2025; (4) failing to comply with substance abuse treatment on October 7,

2025; (5) communicating or interacting with a known felon, Klayton Ameline, on October 9, 2025, without the permission of her probation officer; (6) failing to comply with substance abuse treatment requirements on November 11, 2025; (7) failing to comply with substance abuse treatment requirements on November 14, 2025; (8) failing to follow the instructions of her probation officer on October 29, 2025, by failing to text her probation officer her job contact sheet showing that she had completed four job contacts; (10) failing to comply with substance abuse treatment requirements on November 20, 2025; (11) failing to reside at an approved residence on November 21, 2025; (12) failing to participate in substance abuse testing by admitting on November 26, 2026 that she had removed her sweat patch; and (13) communicating or interacting with Dewayne Shoots, Jr, a known felon on December 1, 2025, without the permission of her probation officer.

The Court **RECOMMENDS**:

That the District Court revoke Pomani's supervised release and sentence Pomani to custody for 6 months, with 24 months of supervised release to follow. During the term of her supervised release, Pomani shall be placed in a residential re-entry center for up to 180 days at the direction of her probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 10th day of December 2025.

John Johnston
United States Magistrate Judge