THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-23-56-GF-BMM |
| Plaintiff, | |
| vs. | |
| | ORDER |
| ANGEL CECILIA POMANI, | |
| Defendant. | |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on January 7, 2026. (Doc. 79.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted an initial appearance on December 9, 2025. (Doc. 78.) The government accused Angel Pomani (Pomani) of violating the conditions of her supervised release by: (1) testing positive for alcohol on September 29, 2025; (2) quitting her job on October 3, 2025, and failing to notify her probation officer within 72 hours of this change in her employment; (3) failing to comply with substance abuse treatment on October 8, 2025; (4) failing to comply with substance abuse treatment on October 7, 2025; (5) communicating or interacting with a known felon, Klayton Ameline, on October 9, 2025, without the permission of her probation officer; (6) failing to comply with substance abuse treatment requirements on November 11, 2025; (7) failing to comply with substance abuse treatment requirements on November 14, 2025; (8) failing to follow the instructions of her probation officer on October 29, 2025, by failing to text her probation officer her job contact sheet showing that she had completed four job contacts; (9) communicating or interacting with Jakoya Oats, a known felon, on November 18, 2025, without the permission of her probation officer; and (10) failing to comply with substance abuse treatment requirements on November 20, 2025; (11) failing to reside at an approved residence on November 21, 2025; (12) failing to participate in substance abuse testing by admitting on November 26, 2026 that she had removed her sweat patch; and (13) communicating or interacting with Dewayne Shoots, Jr, a

known felon on December 1, 2025, without the permission of her probation officer. (Docs. 67, 74 and 77.)

At the revocation hearing, Pomani admitted that she had violated conditions 1-8 and 10-13 of her supervised release as set forth in the Second Amended Petition. (Doc. 78.)

Judge Johnston found that the violations Pomani admitted prove serious and warrants revocation, and recommended that she receive a custodial sentence of 6 months with 24 months of supervised release to follow. Judge Johnston also recommended that during the first 180 days of her supervised release, Pomani shall be placed in a residential re-entry center as directed by her probation officer. (Doc. 79.) The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 79 ) are **ADOPTED IN FULL. IT IS FURTHER ORDERED** that Angel Pomani be sentenced to a term of custody of 6 months with 24 months of supervised release to follow. During the first 180 days of her supervised release, Pomani shall be placed in a secure in-patient substance abuse facility as directed by her probation officer.

DATED this 13th day of January 2026

_____
Brian Morris, Chief District Judge
United States District Court