IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL CECILIA POMANI,<br><br>Defendant. | CR 23-56-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant ANGEL CECILIA POMANI (Pomani) has been accused of violating the conditions of her supervised release. (Docs. 83 and 85). Pomani admitted most of the violations. Pomani's supervised release should be revoked. Pomani should be sentenced to custody for 12 months and 1 day, with no term of supervised release to follow. The Court further recommends that Pomani serve her custodial term at FCI Waseca.

## II. Status

On August 24, 2023, Pomani plead guilty to the offense of Assault Resulting in Substantial Bodily Injury, in violation of 18 U.S.C. §§ 1153(a), 113(a)(7)(3) as charged in Count 3 of the Indictment. (Doc. 23). Pomani was sentenced to TIME

SERVED, followed by 3 years of supervised release. (Doc. 38) Pomani's current term of supervised release began on May 29, 2026.

**Petition**

On June 30, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Pomani's supervised release. (Doc. 83). The Petition alleged Pomani violated the conditions of her supervised release by: (1) failing to attend a mental health treatment session of June 17, 2026; (2) communicating or interacting with a known felon, Dewayne Shoots, Jr., during June of 2026, without the permission of her probation officer; and (3) leaving the Great Falls Pre-Release Center on June 26, 2026, without permission, with her whereabouts unknown since that time.

**Amended Petition**

On September 11, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Pomani's supervised release. (Doc. 85). The Amended Petition alleged Pomani additionally violated the conditions of her supervised release by: (4) committing another federal, state or local crime by being charged on September 1, 20026, with the misdemeanor offense of Obstructing a Pece Officer, in violation of Mont. Code Ann. § 45-7-302(1); and (5) communicating or interacting with a known felon, Robert Dancing Feather Gutierrez, on September 1, 2026, without the permission of her probation officer.

**Initial Hearing**

Pomani appeared before the Court on September 15, 2026. Pomani was represented by counsel. Pomani stated that she had read the Amended Petition and that she understood the allegations against her. Pomani waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Pomani appeared before the Court on September 15, 2025. Pomani admitted that she had violated the conditions of supervised release as allegations 1-3 and 5 in the Amended Petition. The Government moved to dismiss allegation 4, which the Court granted. Pomani's violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Pomani appeared before the Court on September 15, 2026. Pomani's violations are Grade C. Her criminal history category is I. Pomani's underlying offense is a Class D felony. Pomani could be incarcerated for up to 24 months. Pomani could be ordered to remain on supervised release for up to 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Pomani's supervised release should be revoked. Based upon agreement of the parties, Pomani should be sentenced to custody for 12 months and one day, with no term of supervised release to follow. The Court further recommends that Pomani serve her custodial term at FCI Waseca. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Pomani that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Pomani of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Pomani that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Pomani waived her right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That ANGEL CECILIA POMANI has violated the conditions of her supervised release by: (1) failing to attend a mental health treatment session of June 17, 2026; (2) communicating or interacting with a known felon, Dewayne Shoots, Jr., during June of 2026, without the permission of her probation officer; (3) leaving the Great Falls Pre-Release Center on June 26, 2026, without permission, with her whereabouts unknown since that time; and (5) communicating or interacting with a known felon, Robert Dancing Feather Gutierrez, on September 1, 2026, without the permission of her probation officer.

The Court **RECOMMENDS**:

That the District Court revoke Pomani's supervised release and sentence Pomani to custody for 12 months and 1 day, with no term of supervised release to follow. The Court further recommends that Pomani serve her custodial term at FCI Waseca.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of September 2026.

John Johnston
United States Magistrate Judge